IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THELMA BLAND
c/o 519 H Street NW
Washington, DC 20001

    Plaintiff,

v.

CONSORTIUM OF CATHOLIC
ACADEMIES OF THE ARCHDIOCESE OF
WASHINGTON, INC.
415 Michigan Avenue NE, Suite 110,
Washington, DC, 20017

    Defendant.

Civil Action No. _____

## COMPLAINT

1. Defendant did not pay Plaintiff overtime wages for over two years. Instead of paying Plaintiff time and a half for her overtime hours, Defendant paid Plaintiff an overtime rate that was *less* than her regular hourly rate.

2. Plaintiff brings this action to recover damages for Defendant's willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Parties**

5. Plaintiff Thelma Bland is an adult resident of Maryland.

6. Defendant Consortium of Catholic Academies of the Archdiocese of Washington, Inc. is a District of Columbia corporate entity. Its principal place of business is located at 415 Michigan Avenue NE, Suite 110, Washington, DC, 20017. Its registered agent for service of process is The Registered Agent Company, 1090 Vermont Avenue NW, Suite 910, Washington, DC 20005.

**Factual Allegations**

7. Defendant operates four schools: Sacred Heart School, St. Thomas More Catholic Academy, St. Francis Xavier Academy, and St. Anthony Catholic School. All of Defendant's schools are within the District of Columbia.

8. Plaintiff has worked for the Consortium of Catholic Academies from approximately 2009 through the present.

9. During the three years preceding the filing of this complaint, Plaintiff has worked both in the District of Columbia and in Maryland.

10. Plaintiff currently works at 415 Michigan Avenue NE, Suite 110, Washington, DC, 20017.

11. Plaintiff worked at Consortium of Catholic Academies as a "Business Assistant."

12. Plaintiff's job duties at Consortium of Catholic Academies have primarily consisted of office tasks such as mailing payroll checks, data entry, and scanning and filing billing invoices.

13. Until approximately September 18, 2016, Plaintiff's work focused exclusively on tasks associated with accounts payable.

14. However, on approximately September 18, 2016, Plaintiff was assigned — in addition to her normal duties — tasks associated with accounts receivable. This includes processing credit card payments, creating lists of delinquent student accounts, and providing paperwork to applicants for tuition assistance.

15. Plaintiff typically and customarily worked more than 40 hours per workweek because of the additional work.

16. Starting on September 18, 2016, Plaintiff typically and customarily worked 55 hours per week, or an additional 15 hours of work per workweek.

17. For Plaintiff's additional 15 hours of work per workweek, Defendant paid Plaintiff approximately $5.00 less than her regular hourly rate.

18. From approximately September 18, 2016 through approximately September 30, 2018 Defendant paid Plaintiff as follows:

| **Hours in Workweek** | **Hourly Rate** |
|---|---|
| Hours 01–40 | $30.14–$31.67 |
| Hours 41–55 | $25.38–$25.89 |

19. On approximately October 1, 2018, Defendant started paying Plaintiff a fixed salary.

20. At all relevant times, Defendant paid Plaintiff by check.

21. From September 18, 2016 through April 14, 2018, Defendant paid Plaintiff with two checks — one for each hourly rate.

22. From approximately April 15, 2018 through approximately September 30, 2018, Defendant paid Plaintiff with one check that identified both hourly rates on the same paystub.

23. From approximately September 18, 2016 through approximately September 30, 2018, Defendant did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of 40 in a workweek.

24. For her work from September 16, 2016 through September 30, 2018, Defendant owes Plaintiff approximately $32,155.20 in overtime wages (excluding liquidated damages).

25. At all relevant times, Defendant had the power to hire and fire Plaintiff.

26. At all relevant times, Defendant had the power to control Plaintiff's work schedule.

27. At all relevant times, Defendant had the power to supervise and control Plaintiff's work.

28. At all relevant times, Defendant had the power to set Plaintiff's rate and manner of pay.

29. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of 40 hours in any one workweek.

30. At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

31. At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

32. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

33. At all relevant times, Defendant operated schools for children in pre-kindergarten through eighth grade.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

34. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

35. Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

36. Defendant was a covered "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). *See also Dole v. Shenandoah Baptist Church*, 899 F.2d 1389, 1395 (4th Cir. 1990).

37. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

38. Defendant violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of 40 hours in any one workweek.

39. Defendant's violations of the FLSA were willful.

40. For Defendant's violations of the FLSA, Defendant is liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY WAGES UNDER THE DCWPCL

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

43. The DCWPCL requires employers to timely pay on regular paydays. D.C. Code § 32-1302.

44. For purposes of the DCWPCL, "wages" include, among other things, overtime wages. D.C Code § 32-1301(3).

45. Defendant violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

46. Defendant's violations of the DCWPCL were willful.

47.     For Defendant's violations of the DCWPCL, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

48.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

49.     Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

50.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

51.     Defendant violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of 40 hours in any one workweek.

52.     Defendant's violations of the MWHL were willful.

53.     For Defendant's violations of the MWHL, Defendant is liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT IV
### FAILURE TO PAY WAGES UNDER THE MWPCL

54.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

55.     Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

56. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

57. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

58. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

59. Defendant violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

60. Defendant's violations of the MWPCL were willful.

61. For Defendant's violations of the MWPCL, Defendant is liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, on all counts, in the current total amount of $**138,064.70**, and grant the following relief:

    a. Award Plaintiff $128,620.80, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iii.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

    iv.    three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $9,043.90);

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

Date: February 1, 2019                                          Respectfully submitted,

                                                                                     /s/ Justin Zelikovitz
                                                                                    JUSTIN ZELIKOVITZ, #986001
                                                                                    DCWAGELAW
                                                                                    519 H Street NW
                                                                                    Washington, DC 20001
                                                                                    Phone: (202) 803-6083
                                                                                    Fax: (202) 683-6102
                                                                                    justin@dcwagelaw.com

                                                                                    *Counsel for Plaintiff*